IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30698
Summary Calendar
_____


SAHIB SINGH CHEHL,

                                        Plaintiff-Appellant,

versus

SOUTHERN UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE;
EDWARD R. JACKSON; HUEY LAWSON; MARVIN YATES; WILLIAM E. MOORE;
ERNEST L. WALKER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-640-D
--------------------
April 1, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sahib Singh Chehl appeals from the summary-judgment

dismissal of his claims under 42 U.S.C. § 1981, Title VII of the

Civil Rights Act of 1964 ("Title VII"), and the Age

Discrimination in Employment Act ("ADEA") against his employer,

Southern University and Agricultural & Mechanical College

("Southern"), Edward R. Jackson, Huey Lawson, Marvin Yates,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

William E. Moore, and Ernest L. Walker. Chehl also brought a claim against Southern under Louisiana law for unjust enrichment.

Chehl does not argue that the district court erred in dismissing his ADEA claim or his claim for unjust enrichment. Thus he has waived any argument he might have asserted with respect to the district court's dismissal of these claims. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Turning to Chehl's claims against the individual defendants, we hold that the district court did not err in dismissing Chehl's Title VII claims, as Title VII does not impose personal liability on individuals. See Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999). We are unable to discern any argument in Chehl's brief that the district court erred in dismissing the claims against the individual defendants brought pursuant to 42 U.S.C. § 1981. If an appellant fails to make arguments in his brief, they are deemed abandoned. See Yohey, 985 F.2d at 224-25.

Chehl has also stated claims under 42 U.S.C. § 1981 and under Title VII against Southern. With respect to the former, this court must sua sponte raise the issue of its subject-matter jurisdiction. See McDonald v. Bd. of Miss. Levee Comm'rs, 832 F.2d 901, 906 (5th Cir. 1987). We have held that Congress did not express an intent to waive the states' Eleventh Amendment immunity from suits under 42 U.S.C. § 1981. See Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. 1981). We have also held that Southern is a state entity entitled to assert Eleventh Amendment immunity. See Richardson v. Southern Univ., 118 F.3d 450, 456 (5th Cir. 1997). As Southern is entitled to immunity

from Chehl's 42 U.S.C. § 1981 claim, this court is without subject-matter jurisdiction.  See Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir. 1999).

Chehl's complaint alleged that Southern has discriminatory compensation practices and that he was unlawfully removed as Director of the Aerospace Research and Education Project ("AREP") and as Chairman of the Mechanical Engineering Department due to his race and religion.  After a careful review of Chehl's arguments and the record, we find no error on the part of the district court.

Chehl's complaint also alleged a Title VII retaliation claim against Southern.  Chehl alleges that in retaliation for his complaints regarding Southern's allegedly discriminatory compensation practices he was removed from his positions as Director of AREP and department chairman.  We express no opinion as to whether Chehl has made out a prima facie case on his Title VII retaliation claim.  However, after a careful review of Chehl's arguments and the record, we hold that Chehl has failed to show that any of the legitimate, nonretaliatory justifications offered by Southern for Chehl's removal from these positions was pretextual, or that he would not have been removed from these positions "but for" his participation in protected activity.  See Evans v. City of Houston, 246 F.3d 344, 354-55 (5th Cir. 2001).

The judgment of the district court is in all respects AFFIRMED.